IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO CAMPOS, ) | |
| ) | |
| Plaintiff, ) | No. C 04-1471 SBA (PR) |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THOMAS P. GOUGHNOUR, et al., ) | (Docket nos. 1, 2, 5) |
| ) | |
| Defendants. ) | |

### I. Order to Show Cause

Plaintiff, Jose Alberto Campos, a.k.a. Joseph D. Rodriguez and Joseph Delfin Rodriquez, a state prisoner, and a frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Andrews thus implicitly allows the Court to sua sponte raise the § 1915(g) problem, but requires the Court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an opportunity to be heard on the matter before dismissing the action. See id. at 1120.

In the instant case, the Court has determined that Plaintiff has had three or more prior prisoner actions dismissed by this court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See, e.g., Rodriquez v. Medina, et al., No. C 00-1990 MJJ (N.D. Cal. June 19, 2000) (order of dismissal); Rodriquez v. County of Santa Cruz, et al., No. C 02-1987 SBA (PR) (N.D. Cal. May 17, 2002) (same); Campos v. San Mateo County, et al., No. C 03-1548 SBA (PR) (N.D. Cal. Nov. 16, 2004) (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

Because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, the Court now orders Plaintiff to show cause why the three aforementioned dismissals should not be counted as "strikes" to support a § 1915(g) dismissal. Plaintiff's response to this order to show cause is due by **June 3, 2005**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

## II.  Order Directing Plaintiff to Show Continued Intent to Prosecute this Action

Plaintiff filed this civil rights action on April 15, 2004. On that same date, Plaintiff filed a motion for leave to proceed in forma pauperis. On May 3, 2004, Plaintiff filed a Prisoner Trust Fund Account Statement with the Court. On May 5, 2004, Plaintiff filed a second motion for leave to proceed in forma pauperis. On May 11, 2004, Plaintiff filed a notice of change of address. Plaintiff has not communicated with the Court since.

Plaintiff has kept the Court apprised of his change in address. However, because the Court has not heard from Plaintiff for almost a year, it is in the interests of justice and judicial efficiency for the Court to verify that Plaintiff still intends to pursue his claims. Therefore, no later than **June 3, 2005**, Plaintiff shall file with the Court a notice of his continued intent to prosecute. The notice must clearly be labeled "NOTICE OF CONTINUED INTENT TO PROSECUTE." Should Plaintiff fail to file such notice, the complaint will be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

**FAILURE TO FILE A RESPONSE TO THE ORDER TO SHOW CAUSE AND A NOTICE OF CONTINUED INTENT TO PROSECUTE BY JUNE 3, 2005 WILL RESULT IN A DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

IT IS SO ORDERED.

DATED: 5/4/04

                                        s/Saundra Brown Armstrong
                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

United States District Court
For the Northern District of California