IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO CAMPOS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS P. GOUGHNOUR, et al.,<br><br>    Defendants. | No. C 04-1471 SBA (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket nos. 1, 2, 5) |

      Plaintiff, Jose Alberto Campos, a.k.a. Joseph D. Rodriguez and Joseph Delfin Rodriquez, a state prisoner, and a frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

      In an Order dated May 4, 2005, the Court determined that Plaintiff has had three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See, e.g., Rodriquez v. Medina, et al., No. C 00-1990 MJJ (PR) (N.D. Cal. June 19, 2000) (order dismissing case as frivolous); Rodriquez v. County of Santa Cruz, et al., No. C 02-1987 SBA (PR) (N.D. Cal. May 17, 2002) (order dismissing action for failure to state a cognizable claim); Campos v. San Mateo County, et al., No. C 03-1548 SBA (PR) (N.D. Cal. Nov. 16, 2004) (order dismissing case for failure to state a claim). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Because Plaintiff has had three prior dismissals and is not under imminent danger of serious physical injury, the Court ordered Plaintiff to show cause why the three aforementioned dismissals should not be counted as "strikes" to support a § 1915(g) dismissal. The Court also directed Plaintiff to file a notice of his continued intent to prosecute this action because Plaintiff has not communicated with the Court since May 11, 2004. The Court informed Plaintiff that if he failed to file a response to the

1  order to show cause and a notice of continued intent to prosecute within thirty days, this action
2  would be dismissed without prejudice.
3      More than thirty days have passed, and Plaintiff has not responded to the Court's Order or
4  otherwise communicated with the Court.  On May 16, 2005, the Court's Order was returned as
5  undeliverable with a notification from the facility that Plaintiff has been paroled (Docket no. 8).
6  Accordingly, this action is DISMISSED without prejudice.  See 28 U.S.C. § 1915(g); Fed. R. Civ.
7  P. 41(b).  No filing fee is due.  The Clerk of Court shall enter judgment and close the file.
8      IT IS SO ORDERED.

10  DATED: 7/25/05

                          *Saundra B Armstrong*
                          SAUNDRA BROWN ARMSTRONG
                            United States District Judge

**United States District Court**
For the Northern District of California